[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: ADDITIONAL PARTIES TO BE JOINED
CT Page 6548
This matter originally came before this court as an action to quiet title to the plaintiff's interest in a right of way. The court ruled for the plaintiff from which the defendant's appealed.
The Appellate Court ruled that all interested parties had not been joined and therefore vacated the judgment of the trial court and remanded the matter for a determination as to whether all interested parties had been joined. Two additional parties were joined and were subsequently defaulted. The court then reentered its judgment without taking any further testimony.
At the suggestion of the Appellate Court and by agreement of the parties and with the consent of this court, the judgment was reopened and a hearing held to determine whether all necessary parties had been joined.
A hearing was subsequently held and the court heard the testimony of one witness, a title examiner, in an effort to determine whether all necessary parties had been given the opportunity to be heard.
The parties filed briefs and it is the claim of the plaintiff that with the addition of the two additional parties all necessary parties had been joined. The defendant, however, felt that the South Central Regional Water Authority is a necessary party and should be joined. With this, the plaintiff disagrees.
In addition to the testimony of the title examiner there were admitted into evidence Plaintiff's Exhibit 1 which was referred to as a copy of the 1929 Gracy map and Defendant's Exhibit A referred to as a similar map. These maps do not except as abutting property show in detail any of the Water Company property. There is no evidence of any conveyance to the Water Company of any property contained therein whether it be an easement or outright conveyance of title to the property. The defendants' argument seems to center around the possibility of there being a common owner in the distant past and the possibility some nebulous right of way might have been conveyed.
Based on the evidence before the court it is the court's opinion that all interested parties have been joined and there CT Page 6549 being no other evidence offered, the court reenters its original judgment.
The Court
By Curran, J.